# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cr-00101-2 |
| ) | Judge Aleta A. Trauger |
| AMIR BABAK BANYAN ) | |
| a/k/a Bobby Banyan, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

On August 21, 2015, the court issued an Order (Docket No. 73) and accompanying Memorandum (Docket No. 72) (the "Prior Opinion"), denying the Motion to Dismiss the Indictment or, in the alternative, order the United States to file a bill of particulars (Docket No. 59) filed by the defendant, Amir Babak Banyan, a/k/a Bobby Banyan ("Mr. Banyan"), familiarity with which is assumed. Pending before the court is Mr. Banyan's Motion to Reconsider the court's Order (Docket No. 75), to which the United States has filed a Response in opposition (Docket No. 76). For the foregoing reasons, Mr. Banyan's Motion to Reconsider will be denied.

## STANDARD OF REVIEW

The Federal Rules of Criminal Procedure do not expressly provide a standard of review for motions for reconsideration. The Sixth Circuit, however, has reviewed a motion for reconsideration of a court order denying a motion to dismiss an indictment under Federal Rule of Civil Procedure 59(e). *See United States v. Foley*, 110 F. App'x 611, 613 (6th Cir. 2004). The Sixth Circuit has also held that a "'district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

1

controlling law; or (4) a need to prevent manifest injustice.'" *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quoting *Intera Corp. v. Henderson*, 438 F.3d 605, 620 (6th Cir. 2005)).[1]

## ANALYSIS

I. **Denial of Motion to Dismiss The Indictment**

At the outset, the court notes that Mr. Banyan has failed to demonstrate that the Prior Opinion evinces a clear error of law that would warrant granting his motion for reconsideration. Although Mr. Banyan asserts that the court made a factual error, in substance he challenges the court's construction of the Indictment. As noted in the Prior Opinion, "[a]n Indictment is to be construed liberally in favor of its sufficiency." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007). Accordingly, and for the reasons discussed below, Mr. Banyan has not met his burden to show that the court committed a clear error in finding that the Indictment was sufficient.

Mr. Banyan argues that the Prior Opinion improperly rejected his argument that Counts 2 through 6 of the Indictment did not sufficiently allege the requisite *mens rea* for the crime of bank fraud. To support this argument, Mr. Banyan points to the court's finding in the Prior Opinion that Counts 2 through 6 of the Indictment incorporate by reference Count 1 of the

---

[1] The United States appears to argue that the court's denial of Mr. Banyan's motion to dismiss is an interlocutory order and is, therefore, subject to review under Federal Rule of Civil Procedure 54(b). In practice, this distinction makes no difference to the court's review because – as explained by the United States – the standard for reconsideration of an interlocutory order is essentially the same as the standard for review of a final judgment. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x, 949, 959 (6th Cir. 2004) (holding that, when granting a motion to reconsider an interlocutory order, courts rely on one of the following: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."). The court will also use this standard of review for reconsidering its denial of Mr. Banyan's request for a bill of particulars.

Indictment, including paragraph 10 of Count 1, which specifically states that the conspiracy to commit bank fraud was carried out intentionally. Mr. Banyan argues that because Counts 2 through 6 of the Indictment incorporate by reference only paragraphs 1 through 9 and 12 through 16 of Count 1 (and not paragraph 10), Counts 2 through 6, therefore, do not incorporate the allegation of intent to defraud, and thus are insufficient. Mr. Banyan's argument fails for several reasons.

First, as stated in the Prior Opinion, the Indictment is properly read as a whole and the court construed the allegations accordingly. Therefore, paragraph 10 of Count 1 was properly read to allege that the actions identified in paragraphs 1 through 9 and 12 through 16 were intentionally carried out as part of a conspiracy. By then incorporating the actions identified in paragraphs 1 through 9 and 12 through 16 into Counts 2 through 6, the Indictment also incorporated into Counts 2 through 6 the allegation that these actions were undertaken intentionally. Mr. Banyan is thus incorrect is his assertion that the court made a factual error in reading Counts 2 through 6 to incorporate paragraph 10 of Count 1.

Second, the Prior Opinion cited to the incorporation of Count 1 as only *part* of the reason given for why Counts 2 through 6 sufficiently allege that Mr. Banyan acted with the requisite *mens rea*. The Prior Opinion also referred to the fact that Counts 2 through 6 stated that the defendants acted "knowingly." Counts 2 through 6 charge the crime of bank fraud, which is defined as "*knowingly* execut[ing] or attempt[ing] to execute, a scheme or artifice to defraud . . . 18 U.S.C. § 1344 (emphasis added). Therefore, even if the court did not find that the allegation of intentionality from paragraph 10 of Count 1 was incorporated into Counts 2 through 6, the court did not make an error of law in finding that Counts 2 through 6 sufficiently alleged the requisite *mens rea* for the crime charged.

3

Third, the Prior Opinion contains a separate discussion of how the intent to defraud (or intent to harm) is properly inferred from allegations of mispresentations for which harm is the necessary result. Mr. Banyan does not even address this argument, let alone show that there is a clear error of law in the court's finding that an intent to defraud lenders can be inferred from the allegations in the Indictment regarding Mr. Banyan's knowing misrepresentations to lenders about the facts contained in loan applications.

For these reasons, the court finds that Mr. Banyan has not shown any error in the Prior Opinion, let alone a clear error that would warrant reconsideration.

## II. Denial of Request for Bill of Particulars

Mr. Banyan raises several grounds to support his argument that the Prior Opinion erred in denying his request for a bill of particulars. None of these arguments, however, warrants reconsideration of the Prior Opinion.

First, Mr. Banyan argues that the court wrongly compared the facts of the instant case to the facts in *United States v. Bortnovsy*, 820 F.2d 572 (2d. Cir. 1987). The Prior Opinion did not primarily rely on *Bortnovsky*, a decades-old out-of-circuit case, in finding that a bill of particulars is not warranted in this action. The Prior Opinion did, however, address and reject Mr. Banyan's argument that *Bortnovsky* supported his position. Mr. Banyan does not demonstrate a clear error of law in the court's differentiation of *Bortnovsky* from the instant case, nor does Mr. Banyan cite to any newly discovered evidence that was unavailable at the time the initial motion requesting a bill of particulars was filed. Instead, he now argues, for the second time, that this case should have the same outcome as *Bortnovsky,* and this time he adds the argument that, in *Bortnovsky*, the court found a bill of particulars to be appropriate where there were over 4,000 documents produced in discovery and, here, the government has produced more

4

than 40,000 *pages* of documents. The court notes that Mr. Banyan did not reference the 40,000 pages of discovery documents in his initial motion, though this information was available to him at that time. Moreover, in arguing that this case is like *Bortnovsky*, Mr. Banyan still has not made clear the number of actual *documents* that have been produced, which would lend itself to a more appropriate comparison.

More importantly, even if the court were to now consider the volume of documents produced by the government, it would not change the court's analysis. Mr. Banyan overlooks the court's primary ground in the Prior Opinion for differentiating this case from *Bortnovsky* and denying the bill of particulars. In *Bortnovsky*, the government did not in any way identify the incidents at issue, did not in any way identify the alleged misrepresentations related to those incidents, and produced documents that were disproportionately related to incidents *not* at issue in the case. Here, by contrast, the United States has identified in the Indictment the four loan applications, and the types of information contained therein, that are the subject of the charges against Mr. Banyan and his co-defendants. When the Prior Opinion referred to a "relatively narrow group of documents," it was referring to these four loan applications, and the relevant representations therein, as identified in the Indictment. It was not suggesting that the volume of documents in this case fell below a certain threshold that would render a bill of particulars inappropriate.

Second, Mr. Banyan argues that the court's denial of his request for a bill of particulars should be reconsidered because the Indictment identifies a handful of different types of allegedly fraudulent information but fails to specify which particular type is allegedly contained in each of the four loan applications. This is the same argument the court already addressed in the Prior Opinion, finding that the Indictment contains more than sufficient information for Mr. Banyan to

5

prepare his defense. Mr. Banyan has presented no reason for the court to reconsider this finding, let alone any grounds to find that this argument constituted a clear error of law or is superseded by new evidence.

Finally, Mr. Banyan argues that the recent filing by the United States of a Supplement to its Response in Opposition to Mr. Banyan's pending Motion for Miscellanous Relief (Docket No. 74) demonstrates the necessity of a bill of particulars. This Supplement provides a "general summary" and does "not include all of the evidence that the government intends to offer and does not identify every material misrepresentation or material omission made or caused to be made by the defendants." (Docket No. 74 at p. 2.) The Supplement does, however, contain additional details regarding the allegedly fraudulent representations in each loan application that the United States will rely on in its prosecution. Mr. Banyan argues that there is no way he could have identified these details from the information contained in the Indictment, and that this proves that a bill of particulars is warranted. First, as discussed above, the Indictment gave Mr. Banyan sufficient notice of the identity of the loan applications at issue and the types of facts in the loan applications that the United States alleges to be fraudulent. The Supplement adds additional details but does not conflict with the Indictment; nor can these details undermine the sufficiency of the Indictment in the first place.[2] If relevant at all, the filing of the Supplement

---

[2] Mr. Banyan argues that the theories in the Supplement "do not flow from the terms of the Indictment" and that he would have been unable, from the Indictment alone, to have prepared to defend against these allegations. The court disagrees with this characterization. The allegations contained in the Indictment sufficiently pointed Mr. Banyan to the loan applications and the types of information therein that are discussed in greater detail in the Supplement. Moreover, if Mr. Banyan wishes to argue that any of the particular factual allegations in the Supplement are not sufficiently connected to the Indictment to be introduced at trial, Mr. Banyan may seek to exclude them as irrelevant.

actually cuts against the need for a bill of particulars, as it only serves to strengthen the finding that Mr. Banyan has been given more than sufficient information to defend the charges against him.

## **CONCLUSION**

For the reasons discussed herein, Mr. Banyan's Motion to Reconsider (Docket No. 75) is **DENIED**.

It is so **ORDERED**.

Enter this 9th day of September 2015.

_____
ALETA A. TRAUGER
United States District Judge